UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAMS, SARAH GRACE, BRUNNER-                        6:16 - CV- 890 - TC
WILLIAMS, THOMAS ERIC, and
WILLIAMS, MARY BETH,

                    Plaintiffs,          FINDINGS & RECOMMENDATION

      v.

EUGENE SCHOOL DISTRICT 4J, and LANE
EDUCATION SERVICE DISTRICT,

                    Defendants.

COFFIN, Magistrate Judge:

## INTRODUCTION

Student Sarah and her parents are the plaintiffs in this action. They bring claims pursuant to the

American with Disabilities Act , Section 504 of the Rehabilitation Act of 1973 and state law. The

ADA and Section 504 claims (collectively, the "Section 504 claims"[1]) allege discrimination,

---

[1]The Section 504 and ADA claims are referred to in this opinion as the Section 504 claims. Plaintiffs categorize the claims in much the same way. The two claims are "nearly identical" and courts have held the interpretation of each is to be coordinated to prevent

Page 1 - FINDINGS & RECOMMENDATION

retaliation, and interference with respect to Student's right to an education via the defendants' failure to identify, accommodate, and assess Student's disability.

Presently before the court is defendants' motion to dismiss.

## FACTUAL BACKGROUND

Student moved to Eugene from New York and registered as a sophomore at South Eugene High School. Upon registration, Student's parents informed the Eugene School District that Student had been diagnosed with autism and was recently hospitalized for depression after two suicide attempts. Student requested an evaluation for special education services. Student's requests were ignored for over a year, until her parents filed a complaint with the Oregon Department of Education (ODE) on December 6, 2013. The ODE ordered the Eugene School District to formulate an Individualized Education Plan (IEP). During two meetings in May 2014, the Eugene School District formulated an IEP. The IEP team also determined Student's placement. Center Point was Student's placement as of May 2014. Student attended Center Point for 157 hours of specialized instruction during the Summer of 2014.

There is no dispute that the Eugene School District had violated the Individuals with Disabilities Act (IDEA) in several ways in the past. As applicable here, plaintiffs had pursued an Administrative Proceeding in 2015 (DP 14-113) in which the ALJ found that the Eugene School District violated the IDEA. The ALJ also found that she did not have jurisdiction for plaintiffs' retaliation claim under Section 504 of the Rehabilitation Act and further stated that even if the

---

imposition of inconsistent or conflicting standards for the same requirements under the respective statutes. Baird v. Rose, 192 F.3d 462, 469 (4th Cir. 1999).

Section 504 retaliation claim was properly before her, the claim had not been proven on the merits as there was not retaliatory conduct. (Order in DP 14-113 , P. 28 of Exh. 2 to #15).   Plaintiffs appealed DP 14-113 to the United States District Court.  Such appeal was based only on the IDEA claim and was limited to whether the hours Student spent at Center Point in the Summer of 2014 were compensatory under the IDEA.  United States District Court Judge Michael McShane noted that the ALJ found against plaintiffs on retaliation, and that plaintiffs did not challenge that finding in the IDEA action before Judge McShane.[2]

## DISCUSSION

<u>Defendant Eugene School District and Section 504 Claims</u>

Plaintiffs in the present action have alleged, among other things, discrimination, retaliation, and interference  with respect to Student's right to an education  via the defendant Eugene School District's failure  to identify, accommodate, and assess Student's disability.  Defendant Eugene School District asserts that such claims should be dismissed due to Claim Preclusion.

Both parties' presentation of the law of preclusion  further complicate this already complicated legal concept.  In addition, the parties' specific application of the law and resulting conclusions also add to the obstacle course.  For example, plaintiffs state  the following, which is internally inconsistent:

---

[2]Although the Recommendation today does not rely on it, the following is noteworthy: Judge McShane mentioned that , upon a review of the record, including three full days of testimony before the ALJ, it was clear that although the Eugene School District was negligent in serving Student, it never intentionally retaliated against the plaintiffs. Footnote 2, p. 3 of Order in 6:15 -cv- 15-01111.

> In sum, claim preclusion does not apply to Plaintiffs' First, Second, and Third Claims for relief, because there is no 'identity of the claims' where the IDEA and 504/ADA claims could not have been joined in the first underlying proceeding. The 504/ADA claims are of such a nature that they could have been joined in the first underlying IDEA due process hearing and its appeal.

P. 8 of Response (#19) (emphasis supplied).

 The appropriate preclusion law and its application are set forth below.

 Oregon courts adhere to standard principles of claim and issue preclusion. Dodd v. Hood River

County, 59 F.3d 852, 861 (9th Cir. 1995) (citing Rennied v. Freeway Transp., 294 Or. 319 (1982)).

The general rule in claim jusrisprudence is:

> A plaintiff who has prosecuted one action against a defendant and obtained a valid judgment is barred by res judicata from prosecuting another action against the same defendant where: a) the claim in the second action is one which is based on the same factual transaction that was at issue in the first; b) the plaintiff seeks a remedy additional or alternative to the one earlier; and c) the claim is of such a nature as could have been joined in the first action.

Dodd v. Hood  River County, 59 F.3d at 862; Bloomfield v. Weakland , 123 P.2d 275, 280 (Or.

2005); See, Stewart v. U.S. Bancorp, 297 F.3d 954, 956 (9th Cir. 2002).

         Plaintiffs' 504 claims against the Eugene School District in this action are precluded.

Defendants argue and plaintiffs do not specifically contest that OAR 581-015-2395 provides for the

pursuit of Section 504 claims, and plaintiffs in fact brought Section 504 claims in DP 14-113. The

Notice of Hearing from the ALJ stated that the authority and jurisdiction for the hearing were

provided by a number of statutes and rules, including the aforementioned OAR 581-015-2395. The

ALJ found that she did not have jurisdiction for the 504 claims, but plaintiffs did not appeal this

finding to U.S. District Judge McShane in the appeal of the ALJ's opinion, or request another OAR

581-015-2395 proceeding  to resolve the Section 504 issues.  In addition, plaintiffs subsequently

Page 4 - FINDINGS & RECOMMENDATION

initiated  proceedings from the same  factual transaction and did not raise Section 504 claims, i.e.,
they could have sought relief for alleged  504 violations for a later time frame in DP 15-113 , but
they did not do so.  Plaintiffs Section 504 claims against the Eugene School District in this action
are precluded and should be dismissed.[3]

Defendant Lane Education Service District and Section 504 Claims

Defendant Lane Education Service District contends that plaintiffs' Section 504 retaliation and
interference claims against it should be dismissed for a  failure to exhaust administrative remedies.
Similar to the above, this area of the law is complicated[4] , as is its application to the current action.
In support of their respective positions, both parties cite Payne v. Peninsula School District , 653
F.3d  863 (9th Cir. 2011), overturned on other grounds, Albino v. Baca , 747 F.3d 1162 (9th Cir.
2014).  Both parties recognize that Payne requires exhaustion "in cases where a plaintiff is seeking
to enforce rights that arise as a  result of a free appropriate public education [FAPE], whether pled
as an IDEA claim or any other claim that relies on the denial of a FAPE to provide a basis for the
cause of action (for instance, a claim for damages of the Rehabilitation Act of 1973, 29 U.S.C. 794,
premised on a denial of a FAPE)."  Payne , 653 at 875-876.

Plaintiffs argue that their claims against Lane Education Service District are brought solely

---

[3]Defendants have alternatively argued  that if the claims are not dismissed pursuant to
preclusion, they should be dismissed  for a failure to exhaust.  Exhaustion  is further addressed
in the subsequent  section.

[4]The Supreme Court granted certiorari on  June 28, 2016 for a Sixth Circuit case  to
address exhaustion issues for IDEA and 504 claims.  Frye v. Napoleon Community Schools, 788
F.3d 622 ( 6th Cir. 2015) , cert. granted , 136 S. Ct. 2540 (2016).

under the prohibition against retaliation and interference set forth in Section 504. P. 13 of Plaintiff's Response (# 19) . However, as defendants note, while plaintiffs may have intended otherwise, their claims against the Lane Education Service District as currently pled appear to point to the appropriateness of exhausting the claims   The allegations at this time are based on a denial of a FAPE and reference the IDEA   and do not currently appear to clearly assert rights that are independent of the IDEA[5], and do not appear at this time to clearly seek relief different from what is available under the IDEA as plaintiffs state in a general fashion for all the claims that they seek "special and general damages" and "such other and further relief as this Court deems just and appropriate." Amended Complaint (# 13), P. p. 22-23.   As such, and, moreover, because the law in this area may be in flux, it is appropriate to allow plaintiffs 60 days to amend to clarify their claims. Defendants' motion to dismiss should be granted and the 504 claims against Lane Education Services district should be dismissed without prejudice to refile with further specificity within 60 days in an amended complaint.

OTHER CLAIMS

Claims for Discrimination Against the Eugene School District in Violation of ORS 659.850

Defendants assert that the claim for discrimination in violation of ORS 659.850 (4th Claim in Amended Complaint) fails as it does not comply with the Oregon Torts Claim Act and ORS 659.860. Plaintiffs argue that there is compliance, but have not so pled. As such, defendants' motion to dismiss this claim should be allowed and the 4th Claim should be dismissed without prejudice to

---

[5]See Amended Complaint (#13), especially Paragraphs 78, 79, 80, 81 and 89.

Page 6 - FINDINGS & RECOMMENDATION

refile the same claim within 60 days in an amended complaint that provides greater clarity as to compliance with State requirements.

Claim for Fraudulent Misrepresentation and Concealment Against the Eugene School District

Plaintiffs have brought a claim for fraudulent misrepresentation and concealment against the Eugene School District. Defendants' motion to dismiss asserting preclusion is persuasive as plaintiffs state that their claims are based on Paragraphs 56 -57 of the Amended Complaint, see p. 20 of Plaintiffs' Response (#19), and plaintiffs had some of those claims and could have had all those claims before Judge McShane. See Exh. 3 to #15. As such, they are precluded pursuant to Dodd , Bloomfield and Stewart , supra, and should be dismissed.

CONCLUSION

Defendants' motion (#14) to dismiss should be allowed to the extent:

the Section 504 Claims against the Eugene School District and the Claim for Fraudulent Misrepresentation and Concealment should be dismissed;

the Section 504 Claims against the Lane Education Service District should be dismissed and the Claims for Discrimination against the Eugene School District in violation of ORS 659.850 should be dismissed, but the dismissal of these latter two claims should be without prejudice to refile with further specificity within 60 days in an amended complaint.

DATED this 17 day of November, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS & RECOMMENDATION